UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| PATRICK WADE AND ) | |
| CERINA WADE, ) | |
| ) | Bankruptcy No. 03-01568 |
| Debtors. ) | |
| ) | |
| PATRICK WADE AND ) | |
| CERINA WADE, ) | |
| ) | Adversary No. 05-9164 |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| SOLON STATE BANK, ) | |
| ) | |
| Defendant. ) | |

**ORDER RE: MOTION TO DISMISS COMPLAINT**

This matter came before the undersigned on January 6, 2006 on Defendant's Motion to Dismiss Complaint. Debtors/Plaintiffs Patrick and Cerina Wade were represented by attorney Tom Fiegen. Defendant Solon State Bank was represented by attorneys Ray Terpstra and Natalie Ditmars. After hearing arguments of counsel, the Court took the matter under advisement.

**STATEMENT OF THE CASE**

The Bank moves to dismiss Debtors' adversary complaint. It argues the Court should decline to exercise jurisdiction over the complaint. Debtors assert this is a core proceeding and involves interpretation of the Bankruptcy Code. They request the Court retain jurisdiction to hear their complaint.

**STATEMENT OF FACTS**

Debtors filed their Chapter 7 petition on April 24, 2003. They received a discharge in August 2003 and the case was closed in April 2005. Debtors filed a Motion to Reopen the case on November 4, 2005, in order to file the adversary

complaint herein. The complaint has two counts. First, Debtors assert the Bank's post-discharge draw on a prepetition line of credit violates the discharge and is void. In Count II, Debtors ask that the Court find that the Bank's mortgage and assignment were discharged and avoided by their bankruptcy case as impairing their exempt homestead.

Debtors' complaint states that in January 2004 the Bank drew down on a line of credit secured by a prepetition open-ended mortgage on Debtors' homestead. The draw was based on Debtor Patrick Wade's guarantee of corporate debts. Post-discharge, the Bank sold assets of the corporation but the proceeds amounted to less than the debt owed to the Bank. The automatic stay has been lifted to the extent that the Bank is allowed to file a foreclosure action in Iowa District Court against Debtors' homestead, but is not permitted to proceed beyond the filing of the foreclosure petition. This stay relief stops the expiration of a statute of limitations against the Bank but preserves Debtors' defenses.

The Bank's Motion to Dismiss requests that the Court abstain from hearing this matter under 28 U.S.C. § 1334(c)(1). It argues that the issues are state law matters. The Bank asserts that, as the Court has already fully adjudicated Debtors' bankruptcy case, which has been closed, this proceeding will have no effect on the bankruptcy estate.

## CONCLUSIONS OF LAW

Debtors assert that this is a core proceeding. They state that the Bank has not denied this.

> Civil proceedings in a bankruptcy case are divided into two categories, core proceedings and non-core, related proceedings. <u>Abramowitz v. Palmer</u>, 999 F.2d 1274, 1277 (8th Cir. 1993). Core proceedings under 28 U.S.C. § 157 are those which arise only in bankruptcy or involve a right created by federal bankruptcy law. <u>In re Wood</u>, 825 F.2d 90, 97 (5th Cir. 1987); see 28 U.S.C. § 157(b)(2). Non-core, related proceedings are those which do not invoke a substantive right created by federal bankruptcy law and could exist outside of a bankruptcy, although they may be related to a bankruptcy. <u>Wood</u>, 825 F.2d at 97.

Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 773-74 (8th Cir. 1995).  A proceeding to effectuate a debtor's discharge is a core proceeding.  In re Bowen, 89 B.R. 800, 807 n.10 (Bankr. D. Minn. 1988).  Likewise, a proceeding to enforce the discharge order and adjudicate a violation thereof falls within a bankruptcy court's core jurisdiction.  In re Vazquez, 221 B.R. 222, 227 (Bankr. N.D. Ill. 1998).  An action concerning the scope of a debtor's discharge in bankruptcy court is a "core" matter.  In re Schatz, 122 B.R. 327, 328 (N.D. Ill. 1990).

Debtors' complaint, on its face, seeks a determination of the effect of their discharge on the debt asserted by the Bank to be secured by their homestead.  They request a finding that the attachment of the mortgage to their homestead violates the discharge.  Pursuant to the foregoing, this is a core proceeding.

**PERMISSIVE ABSTENTION**

The Bank requests the Court abstain from hearing this matter pursuant to 28 U.S.C. § 1334(c)(1).  This provision allows permissive abstention.  "Under this 'discretionary' provision, courts have broad discretion to abstain from hearing state law claims whenever appropriate in the interest of justice, or in the interest of comity with state courts or respect for state law."  Transamerica Financial Life Ins. Co. v. Merrill Lynch & Co., Inc., 302 B.R. 620, 628 (N.D. Iowa 2003).  Where a state court proceeding sounds in state law and bears a limited connection to the bankruptcy case, abstention is particularly compelling.  In re Titan Energy, Inc., 837 F.2d 325, 332 (8th Cir. 1988).

Courts have established the following factors to provide guidance when considering abstention:

>   (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;
>   (2) the extent to which state law issues predominate over bankruptcy issues;
>   (3) the difficult or unsettled nature of the applicable law;
>   (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;

3

>   (5) the jurisdictional basis, if any, other than 28
>   U.S.C. § 1334;
>   (6) the degree of relatedness or remoteness of the
>   proceeding to the main bankruptcy case;
>   (7) the substance rather than the form of an
>   asserted core proceeding;
>   (8) the feasibility of severing state law claims
>   from core bankruptcy matters to allow judgments to
>   be entered in state court with enforcement left to
>   the bankruptcy court;
>   (9) the burden [on] the bankruptcy court's docket;
>   (10) the likelihood that the commencement of the
>   proceeding involves forum shopping by one of the
>   parties;
>   (11) the existence of a right to a jury trial; and
>   (12) the presence in the proceeding of nondebtor
>   parties.

In re Foss, 328 B.R. 780, 783-784 (B.A.P. 8th Cir. 2005). In In re Williams, 256 B.R. 885, 894 (B.A.P. 8th Cir. 2001), the court applied these factors and concluded that abstention was not warranted. Particular relevance was found in the fact that the underlying motion was a core proceeding, the likelihood of an attempt to shop for a forum, and the lack of state law issues, contrary to the protestations of the objecting party. Id. The court further noted that there is much support for the proposition that bankruptcy courts retain jurisdiction over core proceedings beyond the dismissal or closure of the underlying bankruptcy case. Id. at 892.

## ANALYSIS

Applying the foregoing factors to this case, the Court concludes, in its discretion, that permissive abstention is not appropriate. In particular, the Court notes that this is a core proceeding in substance and in form. State law foreclosure issues would arise if the Court finds the Bank's mortgage interest survived Debtors' bankruptcy discharge. At this stage, however, state court foreclosure proceedings can be easily bifurcated from this Court's decision on the effect of the discharge.

The bankruptcy case had only been closed seven months when Debtors filed their motion to reopen. The Bank's related foreclosure proceeding is currently pending pursuant to this Court's order granting limited relief from the automatic stay

4

in order to avoid a statute of limitations problem.  Neither of the parties has asserted a right to a jury trial.  No nondebtor parties have been included in this matter.

    **WHEREFORE**, Solon State Bank's Motion to Dismiss Complaint is DENIED.

    **FURTHER**, the Court declines to abstain from this proceeding under 28 U.S.C. § 1334(c)(1).

    DATED AND ENTERED: January 19, 2006

*/s/ Paul J. Kilburg*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE