```
                    UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                           )
                                 )    Chapter 7
PATRICK WADE and                 )
CERINA WADE                      )    Bankruptcy No. 03-01568
                                 )
     Debtors.                    )
                                 )
PATRICK WADE and                 )
CERINA WADE                      )    Adversary No. 05-9164
                                 )
     Plaintiffs,                 )
                                 )
vs.                              )
                                 )
SOLON STATE BANK                 )
                                 )
     Defendant.                  )
```

### ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter came before the undersigned on June 16, 2006 pursuant to assignment.  Plaintiffs/Debtors Patrick and Cerina Wade were represented by attorney Thomas Fiegen.  Defendant Solon State Bank was represented by attorney Natalie Ditmars.  After the presentation of evidence and argument, the Court took the matter under advisement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K), (O).

### STATEMENT OF THE CASE

Debtors' complaint asserts the Bank violated the discharge injunction by drawing on a line of credit and attempting to foreclose on their homestead post-discharge.  Debtors argue the discharge voided the Bank's mortgage and assignment.

The Bank seeks summary judgment.  It states that Count I of Debtors' complaint is now moot as it is no longer attempting to enforce the line of credit.  The Bank argues that the prepetition mortgage and assignment are valid post-discharge as consensual liens which passed through bankruptcy unaffected by the discharge.

**CONCLUSIONS OF LAW**

    A motion for summary judgment may only be granted when there are no material facts in controversy, and the moving party is entitled to a judgment as a matter of law.  Fed. R. Bankr. P. 7056, Fed. R. Civ. P. 56(a).  In considering a motion for summary judgment, the Court views the evidence in a light most favorable to the nonmoving party.  In re Marlar, 267 F.3d 749, 755 (8th Cir. 2001).  The moving party has the burden of showing that there is no genuine issue of material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

    Issues of fact exist in this case which preclude summary judgment.  The Court has examined the pleadings, motions, briefs and exhibits filed by both parties, finding several disputed fact issues.  First, the Bank's mortgage dated 11-22-2002 states it secures credit in the amount of $50,000, with the debt incurred by "Promissory note of even date herewith with future advances anticipated."  There are two promissory notes dated 11/22/02 in the record, neither of which are in the amount of $50,000.  Further, Debtors discuss a line of credit of that date and the Bank discusses a line of credit for $50,000 executed on 4/17/03.  Based on the foregoing, the Court finds there are issues of fact to be resolved regarding the debt which the mortgage secures.

    Also, Debtors assert the Bank waived its right to foreclose on their homestead to satisfy the deficiency remaining from the previous foreclosure of commercial property by failing to give Debtors notice that such was its intent.  The Bank disputes that it waived its rights under the mortgage and assignment.  The issue of waiver is ordinarily a matter of intent and is generally a fact question.  See First Nat'l Bank v. Allen, 118 F.3d 1289, 1294 (8th Cir. 1997); Wesley Retirement Servs. v. Hansen Lind Meyer, Inc., 594 N.W.2d 22, 30 (Iowa 1999).  As such, summary judgment is not appropriate because the parties dispute the facts relevant to Debtors' waiver argument.

    Additionally, the Bank argues that res judicata bars Debtors from raising any argument regarding the reasonableness of the commercial foreclosure proceedings.  Debtors assert the proceedings were based on an out-of-date plat.  Had the correct plat been used, a higher bid could have resulted.  Further, Debtors argue that portions of the property from the final plat remain with which to satisfy the Bank's deficiency claim.

    A final judgment on the merits of an action precludes the same parties from relitigating issues that were or could have been raised in that action.  In re Ladd, ___ F.3d ___, 2006 WL

1192593, * 1 (8th Cir. 2006).  The court has noted that "res judicata should not be applied where one or both parties have 'little motivation' or 'little incentive' to fully litigate an issue."  Id.  Debtors assert that, had they known the Bank would try to enforce the deficiency judgment against their homestead, they would have aggressively asserted their rights in the commercial foreclosure action.  This also creates issues of fact precluding summary judgment in the Bank's favor in this action.

The foregoing are just some of the disputed issues of fact arising in this case.  These issues cannot be resolved on summary judgment.  Therefore, the Bank's Motion for Summary Judgment must be denied.

WHEREFORE, Defendant's Motion for Summary Judgment is DENIED.

DATED AND ENTERED: June 30, 2006

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE